Judy Lu (Bar # 285962018)
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, New York 10017
Tel: 212-451-2900
*Attorneys for Defendant*
*American Bankers Insurance Company of Florida*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

BRIDGEBROOKE GARDENS
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

    - vs. -

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA

    Defendant.

---

Case No.:

**NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR DISTRICT OF NEW JERSEY:

Defendant, American Bankers Insurance Company of Florida ("American Bankers" or "Defendant"), a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program pursuant to the National Flood Insurance Act of 1968, as amended[1], by and through its undersigned counsel, hereby files this Notice of Removal of the above-captioned action, bearing Docket No. ESX-L-003928-25, from the Superior Court of New Jersey Law Division, Essex County (the "Superior Court Action"), to the United States

---

[1] *See* 42 U.S.C. §§ 4001 *et seq*. American Bankers appears herein in its "fiduciary" capacity as a "fiscal agent of the United States." 44 C.F.R. § 62.23(f); 42 U.S.C. § 4071(a)(1).

District Court for the District of New Jersey pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(c), 42 U.S.C. § 4072, and 44 C.F.R. Pt. 61, App. A(3).

As discussed herein, the Plaintiff Bridgebrooke Gardens Condominium Association, Inc.'s ("Plaintiff") lawsuit may only be addressed in federal court, regardless of the amount in controversy, because the Plaintiff raises a substantial federal question by alleging a breach of a Standard Flood Insurance Policy issued by American Bankers pursuant to the National Flood Insurance Act. *See Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161, 166-67 (3d Cir. 1998). Jurisdiction is further appropriate because the Plaintiff has succinctly placed at issue matters exclusively regulated by the Federal Emergency Management Agency ("FEMA") under the authority of Congress pursuant to 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(3), and 42 U.S.C. §§ 4013 and 4019. In support of removal, American Bankers hereby respectfully asserts the following:

**A.     The Notice of Removal is Timely.**

1. Plaintiff filed the Superior Court Action against American Bankers on or about May 21, 2025. A true and accurate copy of all pleadings and papers served on American Bankers in the Superior Court Action are attached hereto as Composite Exhibit 1, as required by 28 U.S.C. §§ 1446(a) and 1447(b) (the "Complaint").

2. American Bankers was served with a Summons, Complaint, and Amended Complaint in the Superior Court Action on or about May 23, 2025. (*See* Exhibit 2, Affidavits of Service). Thirty days have not elapsed since American Bankers first received Plaintiff's Complaint through service of process or otherwise, and removal is timely under 28 U.S.C. § 1441 and 1446. *Id*.

**B.     Jurisdiction.**

3.     Flood insurance in the United States is provided through the National Flood Insurance Program ("NFIP"), a federal program administered by FEMA. In order to better administer the NFIP, FEMA authorizes private insurance companies – called Write-Your-Own ("WYO") Carriers – to offer flood insurance policies to the public under their own logos. Although these policies are issued by private companies, the Standard Flood Insurance Policy itself is written by FEMA and is codified at 44 C.F.R. Pt. 61.

4.     Congress underwrites all operations of the NFIP through the U.S. Treasury, including appropriations for both the adjustment of flood claims and the payment of those claims. All flood claim payments made by a WYO Program carrier under a Standard Flood Insurance Policy are made out of a segregated account containing U.S. Treasury funds; flood claim payments are not made with WYO Program carrier's funds. The payment that Plaintiff seeks in this lawsuit would constitute a direct charge on the public treasury and would be binding upon the federal government. *Van Holt*, 163 F.3d at 165-66; 44 C.F.R. § 62.23(f).

5.     American Bankers participates in, and issues Standard Flood Insurance Policies under, the NFIP's WYO Program. A lawsuit against a WYO Program carrier, including American Bakers, for breach of the Standard Flood Insurance Policy is essentially a suit against FEMA. *Van Holt*, 163 F.3d at 167.

6.     Acting in its role as a WYO carrier under the terms and conditions of the National Flood Insurance Act, American Bankers issued a Standard Flood Insurance Policy, bearing policy numbers 87052716042020, 87052715972021, and 87052715892021 (the "Policy"), to the Plaintiff for the property located at 725 Joralemon Street, Belleville, New Jersey (the "Property"). (*See also* Amended Complaint ¶ 3).

7. The Plaintiff asserts this claim against American Bankers under the Policy issued by American Bankers to Plaintiff. Specifically, the Plaintiff alleges *inter alia* that: (i) On or about September 2, 2021, the Property sustained damage as a result of flood; and (ii) that American Bankers has breached its insurance contract with Plaintiff by failing to engage in an appraisal process and failing to pay certain damages claimed by Plaintiff. As a result of the foregoing, Plaintiff alleges that American Bankers has breached the Policy. (*See* Amended Complaint at ¶¶ 10-18).

8. Because the Plaintiff alleges a breach of the Standard Flood Insurance Policy issued by American Bankers, the Plaintiff's right to relief involves the interpretation of federal statutes and regulations under the NFIP, and, therefore, necessarily depends on the resolution of substantial questions of federal law. As a result, this Court has jurisdiction over this litigation pursuant to 28 U.S.C. § 1331. *See McMullin v. Harleysville Ins. Co., Inc.*, 2015 WL 586007, at *2 (D.N.J. Feb. 11, 2015) ("The Court therefore notes that the NFIP grants <u>original and exclusive jurisdiction</u> to federal district courts for all lawsuits against FEMA or a WYO insurer regarding an NFIP claim.") (emphasis added).

9. Additionally, the NFIP, the Standard Flood Insurance Policy, and the WYO Program carriers, including American Bankers, participating in the NFIP are all governed by federal law, not state law. 44 C.F.R. Pt. 62, App. A, Art. I ("Whereas, any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question…").

10. The statutory scheme approved by Congress for flood insurance claims confers original exclusion jurisdiction upon the federal courts, without regard to the amount in controversy,

over cases arising out of a disputed flood insurance claim under the NFIP. *See* 42 U.S.C. § 4072; *Van Holt*, 163 F.3d at, 166-67.

**C.     Venue.**

This lawsuit was filed against American Bankers in the Superior Court of New Jersey, Law Division, in Essex County, which is located within the jurisdiction of the United States District Court for the District of New Jersey. Therefore, this Court is a proper Court for removal of this action pursuant to 28 U.S.C. § 1441(a).

Dated: New York, New York
       June 23, 2025

                                              Respectfully submitted,

                                              By:     /s/ Judy Lu
                                                      Judy Lu, Esq.
                                                      Robinson & Cole LLP
                                                      666 Third Avenue, 20th Floor
                                                      New York, NY 10017
                                                      Phone: (212) 451-2900
                                                      Jlu@rc.com

                                                      *Attorneys for Defendant*
                                                      *American Bankers Insurance Company of Florida*